*373
 

 On Motion for Rehearing and Clarification
 

 CONNER, J.
 

 We grant the Department of Children and Families’ motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.
 

 B.R., a minor, was receiving Social Security benefits as a result of her mental disability. The funds she received were kept in and controlled by a Master Trust. The Department of Children and Families (“DCF”) served as the trustee. After reaching eighteen years of age and thus aging out of foster care, B.R.’s continued need for education and mental health services required her to be moved to Crossroads. Because B.R. no longer qualified to have her funds controlled and monitored through a Master Trust, B.R. and DCF agreed that DCF would transfer the Master Trust funds into a new trust established through the Center for Special Needs Trust Administration. They also agreed that DCF would continue to serve as the new trust’s named trustee. To establish a trust with the Center for Special Needs Trust Administration, a $500 administrative fee must be paid. The trial court ordered DCF to pay this fee, and DCF challenges this order. Having addressed the propriety of ordering DCF to pay the administrative fee in a prior opinion, we reverse.
 

 The facts in
 
 R.I. v. Department of Children and Families,
 
 47 So.3d 357 (Fla. 4th DCA 2010) are virtually identical to the facts of this case. In
 
 R.I.,
 
 a developmentally disabled foster child who aged out of foster care appealed a trial court order denying his motion to order DCF to pay the administrative fee for setting up a special needs trust for him after he became an adult. This court found the expense of the administrative fee to set up the special needs trust to be an appropriate expenditure for the use of funds from the child’s Master Trust because it was “intended to benefit, and [did] benefit [the child].”
 
 Id.
 
 at 360. Therefore, we affirmed the lower court’s order to charge the administrative cost to the trust and not DCF.
 
 Id.
 
 at 361. This case presents the same scenario. Unfortunately, the trial court did not have the benefit of our decision in
 
 R.I.
 
 before ordering DCF to pay the administrative fee.
 

 Reversed.
 

 MAY, C.J., and DAMOORGIAN, J., concur.